**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Irene Marie Ortiz,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-22-08031-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Irene Marie Ortiz's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 13), seeking judicial review of that denial. Defendant SSA filed an Answering Brief, (Doc. 17), to which Plaintiff replied, (Doc. 18). The Court has reviewed the parties' briefs, the Administrative Record, (Doc. 12), and the Administrative Law Judge's ("ALJ's") decision, (Doc. 12-2 at 11–31) and will affirm the ALJ's decision for the reasons addressed herein.

**I.      BACKGROUND**

Plaintiff filed an Application for SSDI benefits in January of 2019, alleging a disability beginning earlier that month. (Doc. 12-2 at 14.) Plaintiff's claim was initially denied in May of 2019. (*Id.*) A hearing was held before ALJ Gerardo R. Pico on December 8, 2020. (*Id.*) After considering the medical evidence and opinions, the ALJ determined that Plaintiff suffered from severe impairments including knee osteoarthritis, epilepsy, and

obesity. (*Id.* at 17.) However, the ALJ concluded that, despite these impairments, Plaintiff had the residual functional capacity ("RFC") to perform light work with exertional, postural and environmental limitations. (*Id.* at 20.) Consequently, Plaintiff's Application was again denied by the ALJ on February 3, 2021. (*Id.* at 30–31.) Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision—making it the SSA Commissioner's (the "Commissioner") final decision. (*Id.* at 2–4.). This appeal followed. (*See generally* Doc. 13.)

## II.  LEGAL STANDARD

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III.  DISCUSSION

Plaintiff argues that the ALJ committed harmful error in in weighing the medical opinion evidence. (Doc. 13 at 1.) The Commissioner argues that the ALJ's opinion is supported by the record as a whole and free of harmful error. (Doc. 17 at 3–13.) The Court has reviewed the medical and administrative records and agrees with the Commissioner for the following reasons.

### A. Evaluation of Medical Testimony

An ALJ "must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). "Where an ALJ does

not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ accords "controlling weight" to a treating doctor's medical opinion so long as it is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence. *See* 20 C.F.R. § 404.1527(c)(2); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). If the opinion is not accorded controlling weight, then the ALJ looks to several other factors to determine how much weight it should have, including evidence supporting the treating doctor's opinion and the consistency of the opinion. *Id.* "[A]n ALJ may disregard a medical opinion that is brief, conclusory, and inadequately supported by clinical findings." *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015).

An ALJ "may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995)). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* An ALJ meets this standard by "setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

Claims that are filed on or after March 27, 2017, are subject to amended regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416). Here, Plaintiff filed her claim in January 2019, therefore these new regulations apply. In applying these new regulations, the Ninth Circuit held that an ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how [it] considered the supportability and consistency factors' in reaching these findings." *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(b)(2)) (internal citation omitted). Supportability refers to

the extent to which a "medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence' while consistency refers to the "extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Id.* (quoting 20 C.F.R. § 404.1520(c)(1)–(2)).

Plaintiff argues that the ALJ improperly rejected the medical opinions of Mohamed Ramadan, M.D., Muhammad A. Nayer, M.D., and Bart Hayes, D.C. (Doc. 13 at 6–26.) The Commissioner argues that substantial evidence supports the ALJ's findings with respect to these medical opinions. (Doc. 17 at 3–13.)

First, Dr. Ramadan completed a form relating to Plaintiff's mental health that described Plaintiff as having major depressive disorder and PTSD.[1] (Doc. 12-12 at 68–82.) The remainder of the form consisted of checked boxes showing that Plaintiff had a general mental health disorder, a stress disorder, an anxiety disorder, and depression—which combined made her unable to function independently outside of her home. (*See id.*) The form also described Plaintiff's limitations, including that she would be absent more than four days per month if she went to work. (*Id.* at 77.) Lastly, the form indicated that Plaintiff was offered "weekly psychotherapy" but was only seen once a month for thirty minutes. (*Id.* at 68.)

In finding Dr. Ramadan's opinion unpersuasive, the ALJ stated that his opinion was supported only by a checkbox form with little narrative, that it did not discuss specific objective examination findings in any detail, and that it was inconsistent with the record as a whole. (Doc. 12-2 at 28–29.) In his analysis, the ALJ went through the form and set out a detailed summary of its contents. (Doc. 12-2 at 28.) As such, Plaintiff's reliance on *Hemingway v. Acting Comm'r of Soc. Sec. Admin.*, No. CV-20-00506-TUC-JAS (LCK), 2022 WL 2308906, at *5 (D. Ariz. June 7, 2022) is misplaced. The lack of support for the checkbox form findings combined with the finding that this opinion was inconsistent with the remainder of the record makes the ALJ's finding acceptable. In particular, the ALJ

---

[1] The ALJ was unable to read Dr. Ramadan's name at the bottom of this form. As a result, he is not identified as Dr. Ramadan in the ALJ decision but has been subsequently identified in the parties' briefing.

noted medical records that conflicted with Dr. Ramadan's conclusions regarding the extent that Plaintiff's mental functioning.  (Doc. 12-2 at 29.)

In short, the ALJ's analysis addressed both the supportability and consistency of the opinion.  Dr. Ramadan's opinion was brief and conclusory and conflicted with other, more credible opinions in the record.  The ALJ set forth specific and legitimate reasons for rejecting this medical opinion.  Accordingly, substantial evidence supported the ALJ's decision to assign limited weight to Dr. Ramadan's opinion.

Second, Dr. Nayer completed a form pertaining to Plaintiff's seizure issues.  (Doc. 12-10 at 53–59.)  The form stated that Plaintiff had epilepsy, categorized the Plaintiff's seizures, and indicated that Plaintiff's last seizure was an isolated event which occurred in May 2018.  (*Id.* at 53–55.)  The form also reported that Plaintiff was able to take safety precautions when a seizure does occur.  (*Id.* at 54.)  The form further stated that Plaintiff had depression, anxiety, and PTSD.  (*Id.* at 56.)  Dr. Nayer did not note any limitations with respect to lifting or carrying but did mention that Plaintiff had a total restriction from unprotected heights, being around moving machinery, and exposure to marked changes in temperature and humidity.  (*Id.* at 57–58.)  He further asserted that Plaintiff was limited from full time employment due to auras and that she would need to take frequent breaks to lie down.  (*Id.* at 58.)  Lastly, he asserted that Plaintiff had a light/sound sensitivity.  (*Id.*)

The ALJ found this opinion unpersuasive for many of the same reasons he found Dr. Ramadan's unpersuasive.  Dr. Nayer's opinion was also supported by a checkbox form that offered little to no narrative support and did not discuss any specific examination findings in detail.  (Doc. 12-2 at 27–28.)  No specific objective examinations were discussed in detail, and little no explanation was given for Dr. Nayer's conclusions.  The ALJ also concluded that the opinion was internally inconsistent and vague.  (*Id.* at 28.)  This conclusion is supported by a portion of the form in which Dr. Nayer reported that Plaintiff had only one isolated seizure.  However, later in the form, he indicated that Plaintiff could not work due to her seizures and related auras.  This makes the opinion internally inconsistent.  Plaintiff notes that other medical evidence supports the seizures,

however this does not cure the supportability or consistency issues within Dr. Nayer's opinion. Moreover, the opinion failed to indicate what level of sound/light Plaintiff could or could not handle. Therefore, the ALJ also concluded that the opinion was vague. Even so, the ALJ accounted for seizure precautions in his RFC assessment based on other evidence in the record. Standing alone, the vagueness issue would likely require the ALJ to further develop the record. *See Mary C. v. Comm'r of Soc. Sec.*, Case No. 3:19-cv-05239-JRC, 2020 WL: 13469958, at *2 (W.D. Wash. Jan. 16, 2020). However, given the other problems with Dr. Nayer's opinion, and the record as a whole, the ALJ properly considered this issue.

Like the ALJ's analysis of Dr. Ramadan's opinion, the ALJ's analysis and conclusions here addressed both the supportability and consistency of the opinion. Again, the ALJ set forth specific and legitimate reasons for rejecting this opinion. Accordingly, substantial evidence supported the ALJ's decision to assign limited weight to Dr. Nayer's opinion.

Third, Mr. Hayes, a chiropractor, wrote a letter indicating that Plaintiff is unable to stand or walk for any length of time without pain or difficulty. (Doc. 12-12 at 32–33.) Mr. Hayes is not an acceptable medical source under the applicable regulations. *See* 20 C.F.R. §§ 404.1502(a), 416.902(a). As such, his opinion does not constitute a "medical opinion" and therefore was not required to be considered under the supportability and consistency factors. Even so, the ALJ did consider this opinion and found it inconsistent with the record. (Doc. 12 at 29.) Mr. Hayes concluded that Plaintiff's standing and/or walking is substantially limited. However, as the ALJ notes, this conclusion is inconsistent with the record as a whole because no other opinion reports such a severe limitation. Furthermore, the ALJ properly accounted for Plaintiff's deficits in physical functioning within the RFC assessment. Accordingly, substantial evidence supports the ALJ's decision to find Mr. Hayes' letter unpersuasive.

In summary, the ALJ's findings are supported by substantial evidence. The ALJ did not commit error.

## IV. CONCLUSION

Therefore,

**IT IS ORDERED** affirming the February 3, 2021 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 12th day of September, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge